WILLIAM A. JOERG, PLAINTIFF, APPELLEE, v. PUBLIC SERVICE RAILWAY COMPANY, DEFENDANT, APPELLANT.

Submitted December 5, 1908—Decided February 23, 1909.

Plaintiff driving his automobile and about to cross a street car track, observed a trolley car one hundred and fifty feet away and moving at slow speed.  He was himself about twenty feet from the track at the time, and judging that he would have sufficient time to cross in front of the car and that the latter would, if necessary, check its speed to enable him to do so, he undertook to cross and was struck by the car which had increased its speed meanwhile.  *Held*, that the question of contributory negligence on the part of the plaintiff was one of fact, which, having been settled by a District Court judge, sitting without a jury, in his favor, was not the subject of appeal.

On appeal from the District Court of Jersey City.

Before Justices GARRISON, PARKER and VOORHEES.

For the appellant, *Edwards & Smith.*

For the appellee, *John Milton.*

The opinion of the court was delivered by

PARKER, J.  The appellee, plaintiff below, recovered a judgment for damages done to his automobile by reason of a collision with a trolley car of defendant.  The car in question had just turned the corner from Sip avenue into Bergen avenue in Jersey City, and having made a stop immediately after the turn, was gathering speed, going in a southerly direction. Plaintiff's automobile was moving eastwardly through Newkirk street, one block south of Sip avenue and parallel with it.

At the trial the defendant moved for a nonsuit and for judgment in its favor, on the ground that no negligence of its employes had been shown, and also upon the ground of contributory negligence of the plaintiff.  These motions were

denied, and the court, sitting without a jury, found in favor
of the plaintiff, and from that decision this appeal is taken.
The first ground is not urged in this court and therefore need
not be discussed. We may say, however, that we have ex-
amined the evidence in the case and are fully satisfied with
the determination of the District Court, that there was negli-
gence in the operation of the trolley car. The appellant now
relies solely upon the claim that there was contributory negli-
gence on the part of the plaintiff.

The evidence shows that there were two tracks in Bergen
avenue at this point, and that the car which struck the plaint-
iff's automobile was on the westerly or nearer track. There
was also another car moving northward on the further track.
The testimony on the part of the plaintiff was that he was
going slowly and cautiously through Newkirk street in an
easterly direction, being aware of the car tracks in Bergen
avenue, and was sounding his horn; that on reaching a point
at or about the corner of Bergen avenue, where he could see
in both directions, he observed a car moving northward on
the further track, and also the car which struck him on the
nearer track, apparently just gathering speed from a stop
which the testimony shows it had made, and being then about
one hundred and fifty feet away. The northbound car was
only about twenty-five feet away, but stopped to let plaintiff
go by, and he being then only about twenty feet from the car
track and the colliding car being one hundred and fifty feet
away and not going very fast, the plaintiff testified that he
"figured on" getting across in safety, and on the car in ques-
tion stopping as the other one had done, instead of which it in-
creased its speed, colliding with the automobile when its front
wheels were on the further track, striking it back of the front
wheels and pushing it around upon the track. Mr. Lynch,
who was riding in the plaintiff's automobile, testified that the
speed of the car, when first seen, was about eight miles an
hour, and that it was fifteen miles an hour when it struck the
automobile. This testimony was contradicted, but the court
was justified in finding the facts in accordance therewith.

Taking these as the facts, the case seems to us to fall within the principle of such cases as *Woodland* v. *North Jersey Street Railway Co.,* 37 *Vroom* 455; *North Jersey Street Railway Co.* v. *Schwartz, Id.* 437; *Conrad* v. *Elizabeth, &c., Railway Co.,* 41 *Id.* 676; *Consolidated Traction Co.* v. *Lambertson,* 30 *Id.* 297, and *Vrooman* v. *North Jersey Street Railway Co.,* 41 *Id.* 818, in all of which cases the driver of a vehicle about to cross the tracks was held to be entitled, on seeing an approaching car, whether at high or low speed, to assume that it was equipped with controlling appliances and a prudent motorman who would respect his right to cross first by virtue of first reaching the point of crossing; and if on that assumption a jury might find from the evidence that it was apparently safe for him to cross, the car being sufficiently distant to be checked or stopped before reaching him, the question of contributory negligence is for the jury. In the present case a jury might have found still more favorably to the plaintiff, viz., that if the car had simply maintained the speed it was under at the time of plaintiff's observation and determination to cross, he would have crossed in safety, and that the accident was due to increased speed afterward acquired by the car. The principle of *Earle* v. *Consolidated Traction Co.,* 35 *Id.* 573, is not applicable because on the case most favorable to plaintiff nothing appeared to indicate that the motorman did not intend to respect plaintiff's right to cross first.

There was no error, therefore, in refusing to nonsuit because of contributory negligence. With the case as finally submitted the judge of the District Court was discharging the functions of jury as well as of judge, and his subsequent determination of the same questions in favor of the plaintiff on the conflicting evidence of the parties involved a finding of fact entirely within his province and which is not before us on this appeal.

The judgment will be affirmed.